IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

TOD M. DERICCO,

           Plaintiff,

  v.

C. R. BARD, INCORPORATED and BARD PERIPHERAL VASCULAR, INCORPORATED,

           Defendants.

CASE NO. 3:20-cv-00246-MMD-BNW

**STIPULATION AND [PROPOSED] ORDER TO STAY**

      Plaintiff Tod M. Dericco ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties"), pursuant to Federal Rule of Civil Procedure 26 and this Court's inherent powers, respectfully request that this Court enter an Order temporarily staying discovery and all pretrial deadlines imposed by the Court, the Local Rules, and the Federal Rules of Civil Procedure for ninety (90) days to permit the Parties to finalize a settlement for all claims.

## I. BACKGROUND

      Plaintiff filed the Complaint in this action on May 24, 2019, claiming injuries related to the implantation of an Inferior Vena Cava ("IVC") filter allegedly manufactured by Defendants. (ECF No. 1). The effective date of Defendants' Answer is April 17, 2020 (*See* ECF No. 11). The parties have completed fact and expert discovery and have reached an agreement in principle to resolve all claims. As such, the Parties hereby jointly move this Court to enter a stay of all discovery and pretrial deadlines in this case for a period of ninety (90) days.

## II. ARGUMENTS AND AUTHORITIES

### A. This Court Has Authority to Grant the Requested Stay

      Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and this Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested stay. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time

1

the court may, for good cause, extend the time…"); Fed. R. Civ. P. 26(a) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). Therefore, this Court has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

A stipulation to stay proceedings, like the Parties seek here, is an appropriate exercise of this Court's jurisdiction. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (explaining a court's power to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket to save the time and effort of the court, counsel, and the parties.)

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)); *see also*, *CMAX, Inc. v. Hall*, 300 F.2d 268 (9th Cir. 1962) (district courts possess "inherent power to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants"); *Garlock Sealing Tech., LLC v. Pittsburgh Corning Corp. (In re Pittsburgh Corning Corp.)*, No. 11-1406, 11-1452, 2012 U.S. Dist. LEXIS 86193, at *11 (W.D. Mo. June 21, 201) (noting a court's power to stay proceedings is incidental to its power to control the disposition of the cases on its docket).

Furthermore, Federal Rules of Civil Procedure (26(c) and 26(d) also vest the Court with authority to limit the scope of discovery or control its sequence and may grant a stay to allow parties to negotiate a settlement. *Britton*, 523 U.S. at 598.

2

### B. Good Cause Exists to Grant the Requested Stay

As noted herein, Plaintiffs and Defendants have reached a settlement in principle and are currently working to finalize all necessary documentation regarding the same. As such, the Parties do not seek the stay requested herein in bad faith but instead seek to stay all proceedings in the interest of efficiency and judicial economy. Granting the stay here will unquestionably save the time and effort of this Court, counsel, and the parties, and provide counsel with an opportunity to finalize the settlement of this case without any additional litigation expense.

Facilitating the Parties' efforts to resolve this dispute entirely through settlement is reasonable and constitutes good cause for granting the requested stay. The Parties agree that the relief sought herein is necessary to handle and resolve this case in the most economical fashion, and that the relief sought in this stipulation is not for delay, but in the interest of efficiency.

### III. CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court enter a stay of all activity in this case, for a period of ninety (90) days. If Plaintiff has not filed dismissal papers within ninety (90) days from the stay being granted, the Parties request the opportunity to file a joint status report regarding the status of the settlement.

Respectfully submitted,

DATED this 5th day of November 2021.

| | |
|---|---|
| **MARTIN BAUGHMAN, PLLC**<br>By: /s/ *Ben C. Martin*<br>   Ben C. Martin, Esq. *(pro hac vice)*<br>   bmartin@martinbaughman.com<br>   3141 Hood Street, Suite 600<br>   Dallas, Texas 75219 | **GREENBERG TRAURIG, LLP**<br>By: /s/ *Eric W. Swanis*<br>   ERIC W. SWANIS, ESQ.<br>   swanise@gtlaw.com<br>   Nevada Bar No. 6840<br>   10845 Griffith Peak Drive<br>   Suite 600<br>   Las Vegas, Nevada 89135 |

### Order

IT IS ORDERED that ECF No. 58 is GRANTED. IT IS FURTHER ORDERED that a stipulation to dismiss is due by 2/7/2022.

IT IS SO ORDERED
DATED: 9:58 am, November 08, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

3

| | |
|---|---|
| PETER C. WETHERALL, ESQ.<br>Nevada Bar No. 004414<br>pwetherall@wetherallgroup.com<br>WETHERALL GROUP, LTD.<br>9345 W. Sunset Road, Suite 100<br>Las Vegas, Nevada 89148<br>Telephone: (702) 838-8500<br>Facsimile: (702) 837-5081<br><br>*Counsel for Plaintiff* | CASEY SHPALL, ESQ.<br>shpallc@gtlaw.com<br>*Admitted Pro Hac Vice*<br>GREGORY R. TAN, ESQ.<br>*Admitted Pro Hac Vice*<br>tangr@gtlaw.com<br>GREENBERG TAURIG, LLP<br>1144 15th Street, Suite 3300<br>Denver, Colorado 80202<br>Telephone: (303) 572-6500<br><br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on **November 5, 2021**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

/s/ Ben C. Martin
Ben C. Martin